UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIO S. ST FORIN, et al.

      Petitioners,

v.                                      Case No: 8:23-cv-767-CEH-JSS

UNITED STATES SMALL BUSINESS
ADMIN., et al.

      Respondents.

_____/

## REPORT AND RECOMMENDATION

      Petitioner Mario S. St Forin, Don moves the court to proceed in forma pauperis. (Motion, Dkt. 3.)  Upon consideration, the undersigned recommends that the Motion be denied and the Petition (Dkt. 1) be dismissed without prejudice.

## APPLICABLE STANDARDS

      Pursuant to 28 U.S.C. § 1915, the court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security.  28 U.S.C. § 1915(a)(1).  When considering a motion filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty."  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotation marks and citation omitted).  "[A]n affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for

himself and his dependents." *Id.*  As such, a court may not deny an in forma pauperis motion "without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307–08); *see Miller v. U.S. Postal Serv.*, No. 8:13-cv-952-T-17-AEP, 2013 WL 2250211, at *1 (M.D. Fla. May 22, 2013) (noting that the court will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess).

Further, when an application to proceed in forma pauperis is filed, the court must review the case and dismiss it sua sponte if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Although pleadings drafted by pro se litigants are liberally construed, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), they must still "conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

## ANALYSIS

Upon review of the Motion (Dkt. 3), it appears that Petitioner Mario S. St Forin, Don is financially eligible to proceed in forma pauperis in this case.  Nonetheless, the court recommends dismissal of the Petition (Dkt. 1) without prejudice for the reasons that follow.

As an initial matter, the undersigned notes that it is unclear how many petitioners are seeking a writ of mandamus.  For instance, the Petition lists and

discusses at least two separate entities as petitioners.  *See* (*id.* at 7–8 (listing "MARIO S. ST FORIN, SOLE PROP." and "Mario Sandyno St Forin, Don, CEO, TTEE" as separate parties).)  The Petition further includes ambiguous language indicating that these parties are distinct from each other.  *See* (*id.* at 9 ¶ 20 ("Mario S. St Forin, Don, for/of MARIO ST FORIN Borrower executed the promissory for MARIO ST FORIN in order that . . . .").)  Moreover, the case caption itself includes "et. (sic) al." after Petitioner "Mario S. St Forin" is named. (*Id.* at 1.)  As such, the undersigned will use "Petitioners" to reference both "MARIO S. ST FORIN, SOLE PROP." and "Mario Sandyno St Forin, Don, CEO, TTEE," when necessary.

In the Petition, Petitioners seek a writ of mandamus directing the U.S. Small Business Administration (SBA) to credit $47,073.22 in debt owed by Petitioner Mario St Forin and to issue a new loan in the amount of $152,926.78 "to Petitioner immediately." (*Id.* at 1–10.)  Specifically, from a liberal reading of the Petition and its exhibits, it appears that Petitioners executed and delivered promissory note ending in -8960 (promissory note 8960) to the SBA as payment for an outstanding invoice and to request additional loan funds.  (*Id.*)  According to the Petition, after receiving promissory note 8960, Brandy N. Chance, an agent for the SBA, emailed Petitioner Mario St Forin to inform him that the SBA does not accept promissory notes.  (*Id.* at 7, 9.)  Petitioners now seek a writ of mandamus directed at the SBA and Ms. Chance (Respondents), contending that the SBA "needs to fulfill its duties" by depositing the loan amount.  (*Id.*)

The Petition suffers from defects that warrant dismissal.  First, it is unclear whether the court has jurisdiction as it appears Petitioners lack standing. "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Hollywood Mobile Ests. Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1264–65 (11th Cir. 2011) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). To establish standing, a plaintiff must satisfy three elements.  The plaintiff must have suffered an injury in fact, the injury must be "causally connected to the conduct complained of," and the injury must be likely to be redressed by a favorable decision. *Lujan*, 504 U.S. at 561.  "The triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998).

Here, it is unclear who is prosecuting this action.  As noted above, the Petition references two different Petitioners.  To the extent Mario S. St Forin, Don is a separate individual who asserts claims on behalf of Mario St Forin, there is no basis in the Petition to find that Mario S. St Forin, Don has standing to do so.  *Tileston v. Ullman*, 318 U.S. 44, 46 (1943); *see FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) (a party's right to plead and conduct their own cases "is limited to the parties conducting their own cases, and does not extend to non-attorney parties representing the interests of others"); *In re Godfrey*, 472 F. Supp. 364, 369 (M.D. Ala. 1979) ("One of the basic tenets of the standing doctrine is that an individual must assert his own legal interests rather than those of third parties.").  Moreover, if separate individuals, each Petitioner

- 4 -

was required to submit an application to proceed in forma pauperis and to sign the Petition. *See* Fed. R. Civ. P. 11(a); *Thomas-Joseph v. U.S. Admins.*, No. 2:19-cv-765-FtM-29MRM, 2019 WL 13155795, at *1 (M.D. Fla. Dec. 3, 2019). Conversely, if Mario S. St Forin, Don and Mario St Forin are the same individual, any amended pleading must make that fact clear.

Additionally, it remains unclear if Petitioners are the parties who suffered an injury in fact. For instance, among the multiple exhibits attached to the Petition, Petitioners include promissory note 8960 (Dkt. 1-4), as well as several hand-written documents (Dkts. 1-2, 1-3, 1-5), which appear to be inconsistent with the allegations made in the Petition. Indeed, the attached documents reference two companies, ST FORIN – ESTATE & TRUST, INC. and MEDJAI CLEANING & FLOORS, LLC, as the lender and the borrower, respectively. (*Id.*) However, throughout the Petition, Petitioners refer to themselves as the "Borrower." Thus, it remains unclear if Petitioners have a right to relief. As such, to the extent Petitioners are bringing a lawsuit on behalf of these corporate entities, Petitioners have failed to establish standing. *See Fleming v. ISCO Indus., Inc.*, No. 3:17-cv-648 (VAB), 2018 WL 1141358, at *4 (D. Conn. Mar. 2, 2018) ("[A] limited liability company provides certain protections against individual liability, but without individual liability, an individual, even the sole member of the LLC, lacks standing to bring a claim as the LLC"), *aff'd*, 750 F. App'x 62, 63 (2d Cir. 2019) ("We agree with the District Court that Fleming lacks standing to pursue this action. Fleming, a pro se litigant, cannot assert claims on behalf of Douglas P. Fleming, LLC . . . And to the extent Fleming asserts claims

on his own behalf, the complaint does not sufficiently allege that he—as opposed to Douglas P. Fleming, LLC—suffered a concrete injury.").

Petitioners have also failed to allege a legally sufficient claim for a writ of mandamus. Three elements must exist before mandamus is appropriate: (1) plaintiff must have a clear right to relief; (2) defendant must have a clear duty to act; and (3) no other adequate remedy at law must be available. *Cash v. Barnhart*, 327 F.3d 1252, 1257 (11th Cir. 2003). These elements must be present because "a writ of mandamus 'is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.'" *Id.* at 1258 (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)). It is the movant's burden to establish that the "right to issuance of a writ is clear and indisputable." *United States v. Farah*, No. 2:96-cr-27-FtM-22D, 2008 WL 782486, at *1 (M.D. Fla. Mar. 21, 2008).

Petitioners repeatedly assert that the SBA failed in its duties to deposit the requested funds. However, Petitioners have failed to clearly allege how Respondents have any clear, non-discretionary duty to act regarding the relief sought or that there is no other adequate remedy available at law. Nonetheless, other courts tasked with resolving claims for mandamus relief against the SBA have found that the Small Business Administration Act, 15 U.S.C. § 636(b), provides the SBA "broad discretionary powers in providing for disaster assistance loans." *See Monter v. United States*, 440 F. Supp. 44, 46 (M.D. Pa. 1977); *see also Romeo v. United States*, 462 F.2d 1036, 1038 (5th Cir. 1972) (affirming a district court decision that found that, pursuant to SBA policy, SBA administrators have the discretion to deny a loan); *Friedman v.*

- 6 -

*United States*, No. 01Civ.7518LTSRLE, 2003 WL 1460525, at *11 (S.D.N.Y. Mar. 18, 2003) ("the extent to which the SBA extends aid is within its discretionary power"); *Pramco, LLC v. Torres*, 286 F. Supp. 2d 164, 169 (D. P.R. 2003) ("the decision of granting a loan by the SBA is one firmly committed to agency discretion") (internal quotation marks and citations omitted); *Raitport v. Small Bus. Admin.*, 380 F. Supp. 1059 (E.D. Pa. 1974) (noting that "a writ of mandamus may not issue against an official of the SBA where a discretionary act is concerned" and finding the SBA's decision to deny the plaintiff's loan application was discretionary).   Thus, at this juncture, Petitioners have failed to allege a clear right to the relief sought.   Moreover, as discussed in more detail above, Petitioners have failed to demonstrate that they have suffered a concrete injury and therefore possess a clear right to relief based on allegations contained in the Petition and its attached exhibits.

Lastly, the Petition fails to satisfy Rule 8(a) of the Federal Rules of Civil Procedure.   Rule 8(a) requires a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought.   Fed. R. Civ. P. 8(a).   Here, as noted above, the Petition does not include a comprehensible statement of facts, and it does not identify any plausible theory on which a viable claim could be based. Additionally, the Petition is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."   *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–22 (11th Cir. 2015) (outlining the four main types of

"shotgun" pleadings).   For example, Petitioners rely on the following allegation to support their request for mandamus relief:

> The latter is revealed in this great Court before all Honorable Supreme Juris, may my God the Creator of all heavens & of this earth be with the Honorable Juris and His peace, judgement (sic) & grace overshadow this Court. Peace, I, Mario S. Stf., Don give to you my Supreme Juris by my God, in the Kingdom of His Son, may His Name be lifted up forever.  Indeed.

(Dkt. 1 at 7.)  However, it remains unclear to the undersigned how such an allegation supports Petitioners' cause of action.  Moreover, despite explicitly listing Ms. Chance in the "Parties" section of the Petition (*id.*), Petitioners did not expressly include Ms. Chance in the case caption, but rather, used the abbreviation "et al."  (*Id.* at 1.)  *See Pierson v. Orlando Reg'l Healthcare Sys., Inc.*, 619 F. Supp. 2d 1260, 1273 (M.D. Fla. 2009) (stating that Rule 8 requires that a complaint provide fair notice to each defendant of the plaintiff's claim and the grounds upon which it rests).  Finally, despite the Petition's reference to multiple Respondents, Petitioners only request "the Respondent" to be compelled to perform its duty.  (Dkt. 1 at 10.)  As such, it remains unclear which Respondent the Petitioners are referring to in their prayer for relief.  *See Am. Home Assurance Co. v. Phineas Corp.*, 347 F. Supp. 2d 1231, 1239–40 (M.D. Fla. 2004) ("The Eleventh Circuit has explained that under Rule 8(a)(3), any pleading that sets forth a claim must include a concise statement identifying the remedies and the *parties* against whom relief is sought . . . .") (internal citations and quotations omitted).

Therefore, for all the stated reasons above, the undersigned recommends that Petitioner's in forma pauperis application be denied, and that this case be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, it is **RECOMMENDED**:

1. Petitioner's Motion to Proceed In Forma Pauperis (Dkt. 3) be **DENIED WITHOUT PREJUDICE**.

2. The Petition for Writ of Mandamus be dismissed without prejudice and with leave to file an amended complaint or petition that complies with the Federal Rules of Civil Procedure. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.") (internal quotation and citation omitted). The undersigned recommends that the amended complaint or petition, if any, be due within 20 days of the date this Report and Recommendation becomes final.

3. Petitioners be directed to pay the required filing fee upon filing the amended complaint/petition, if any, or to file an updated Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) that specifically identifies each Petitioner's debts, assets, obligations, and monthly expenses. If filing an amended application, each applicant shall not

leave any blanks.  If the answer to a question is "0," "none," or "not applicable (N/A)," the applicant shall write that response.[1]

**IT IS SO REPORTED** in Tampa, Florida, on July 19, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

A party has 14 days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Charlene Edwards Honeywell
Any Unrepresented Party

---

[1] To the extent Petitioners intend to represent themselves in this matter, they should familiarize themselves with both the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida, copies of which can be reviewed in the Clerk's Office, located on the second floor of the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida, or on the court's website at https://www.flmd.uscourts.gov/local-rules.  If Petitioners would like assistance in pursuing the claims in this action, they may seek assistance from the Federal Bar Association by completing a request form at https://www.federalbartampa.org/resources/pro-bono-information/.  Petitioners are also encouraged to consult the "Litigants Without Lawyer" guidelines on the court's website, located at http://www.flmd.uscourts.gov/litigants-without-lawyers.  Additionally, a pro se litigant handbook prepared by the Federal Bar Association is available to download at the following hyperlink: www.fedbar.org/prosehandbook.